THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY AGNEW,

    Plaintiff,

vs.                                                           Case No: 8:22-cv-001545

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.

_____ /

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, USAA GENERAL INDEMNITY COMPANY ("USAA GIC"), hereby removes to this Court the action filed against it in the Circuit Court of the Twelfth Circuit, in and for Manatee County, Florida, Case No. 22-CA-002347. As grounds for removal of this action to the United States Court for the Middle District of Florida, Tampa Division, USAA GIC states as follows:

### INTRODUCTION/FACTUAL BACKGROUND

1.     This Complaint arises from a motor vehicle accident in which the Plaintiff, GARY AGNEW, was allegedly rear-ended by an underinsured motorist on or about December 13, 2019, thereby causing personal injury to GARY AGNEW.

Plaintiff alleges that he is entitled to recover against the Defendant, USAA GIC. The Complaint is attached as Exhibit "A".

2. As a result, Plaintiff filed this lawsuit in the Circuit Court in and for Manatee County on June 9, 2022, captioned *Gary Agnew v. USAA General Indemnity Company.* (the "Circuit Court case"). The Circuit Court case was assigned Case Number 22-CA-002347. On June 20, 2022, Defendant USAA GIC received and was served with a copy of the Summons and Plaintiff's Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Circuit Court file for Case No. 22-CA-002347 are attached hereto as Exhibit "B".

3. The Complaint was served on USAA GIC on June 20, 2022. This Removal, therefore, is being effected within the thirty (30) days of the first receipt of the Complaint by USAA GIC and is otherwise timely. *See* 28 USC § 1446 (b).

## GROUNDS FOR REMOVAL

4. Removal is proper in this case based on diversity jurisdiction. A District Court's diversity jurisdiction may be invoked where there is complete diversity between the parties at interest properly joined and served and where the matter in controversy exceeds $75,000.00. Both requirements are met in this case. *See* 28 U.S.C. § 1441.

5. "The removing party must make an affirmative showing of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time

removal is attempted." *Piccolo v. J.C. Penny Corp., Inc.*, 2006 WL 2927097 at *1 (M.D. Fla. Oct. 11, 2006) (internal quotations omitted).

6. In order to determine diversity jurisdiction, this Court should look to the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). The requirements for removal under diversity of citizenship are met as follows:

## **DIVERSITY OF CITIZENSHIP EXISTS**

7. Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. § 1332 (a)(1). Here, there is complete diversity of citizenship between the Plaintiff and USAA GIC because they are citizens of different States.

8. Upon information and belief, GARY AGNEW is a citizen of Florida.

   a. For purposes of diversity jurisdiction, the court must look to the citizenship of the parties at the time when the action was filed. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58 (internal quotations and citations omitted). Further, where one lives is prima facie evidence of domicile. *Dist. of*

*Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (holding that while "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile"); *see also King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007) (recognizing a presumption that a person's state of residence is also his state of domicile).

    b.    Plaintiff alleges that he is a resident of Manatee County, Florida. [Compl. at ¶ 2.]

    c.    Further, the Plaintiff has a driver's license in the State of Florida. Exhibit "C".

    d.    "There is a presumption that the state in which a person resides at a given time is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355. Since there is a lack of any allegation that the Plaintiffs are domiciled or citizen of anywhere but Florida, the Court may presume, until controverted by fact, that the Plaintiffs are domiciled in Florida and were citizens of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).

9.    For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Plaintiff alleges that USAA GIC is a "corporation authorized to do business and doing business in Manatee County, Florida." [Compl. at ¶ 3.] For purposes of diversity jurisdiction, the Court must look to the state of incorporation and principal place of business. Defendant, USAA GIC, is a Texas corporation with its principal place of business in Texas. [See Exhibit "D", Florida Depart of State printout.] Thus, Defendant, USAA GIC, is a citizen of Texas.

11. Plaintiff is a citizen of Florida and USAA GIC is a citizen of Texas. Therefore, diversity of citizenship is complete since the Plaintiff does not share citizenship with USAA GIC.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The Plaintiff's claims in this matter exceed $75,000.00, exclusive of attorney's fees or costs.

13. In the Complaint, the Plaintiff claims the damages are in "excess of $15,000" and otherwise does not demand a specific sum. Florida law permits recovery of damages in excess of $15,000.00. Although the Plaintiff's Complaint in this matter does not assert a specific dollar amount for damages, GARY AGNEW asserts a claim for bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization,

medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. [Compl. at ¶ 13.]

14. "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." *Piccolo v. J.C. Penny Corp., Inc.*, 2006 WL 2927097 at *1 (M.D. Fla. Oct. 11, 2006).

15. Additionally, an action which is not removable solely based upon the initial pleadings "may become removable on the basis of a copy of an amended pleading, motion, order, or other paper." Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)).  In this case, Plaintiff's itemized demand and Civil Remedy Notice, constitutes "other paper," which provides the evidence that this case meets the jurisdictional threshold for the amount in controversy requirement.  See Mikesell v. FIA Card Services, N.A., 2:12-CV-606-FTM-29, 2013 WL 1365739 (M.D. Fla. 2013) ("The settlement demand is sufficient to establish the amount in controversy as of the time of removal.").

16. Plaintiff GARY AGNEW claims that he has sustained serious, permanent injuries to his neck, lower back, left arm and right knee as a result of the subject accident. [See Exhibit "E", Plaintiff's Demand.] Mr. Agnew's past medical expenses which he alleges are related to the accident, as of November 5, 2021, total

$52,276.99 *Id*. Plaintiff is also claiming future medical costs of $115,096.00. *Id.* The demand letter requested payment of the available underinsured motorist coverage limits of $300,000.00 from USAA GIC as a result of the injuries sustained in the December 13, 2019 motor vehicle accident. *Id.*

17. According to the Civil Remedy Notice filed by the Plaintiff, the alleged damage he sustained as a result of this accident exceeds $300,000.00 due to the totality of medical care received in the past and required in the future along with the severity of the injuries and permanent impact on the Plaintiff. [See Exhibit "F", Civil Remedy Notice.] The policy of insurance issued by USAA GIC for underinsured motorist benefits has limits of $300,000 per accident. [See Exhibit "G", Dec Page.]

18. Based on the past and future medical treatment claimed by Plaintiff, GARY AGNEW, Plaintiff's suit places into controversy damages sought which exceed $75,000. Plaintiff is also making pain and suffering claims, which would expand his damages.

19. Although USAA GIC denies any liability in this matter, a reasonable reading of Plaintiff's Complaint, Demand Letter, and Civil Remedy Notice show that the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

## **REMOVAL IS OTHERWISE PROPER**

20. Under 28 U.S.C. § 1441(a), venue properly rests in the Tampa Division of the United States District Court for the Middle District of Florida, as this action is being removed from the State Court where it was originally filed in the Twelfth Circuit, in and for Manatee County, Florida.

21. There is no other defendant named in this action. Therefore, USAA GIC does not need to obtain the consent from any other party prior to removal.

22. Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of Filing this Notice of Removal is being promptly filed with the Clerk of Court of the Twelfth Circuit, in and for Manatee County, Florida., as required by 28 U.S.C. § 1446(d). A copy of this Notice is attached hereto as Exhibit "H".

WHEREFORE, for the reasons stated above, USAA GIC has removed the action presently pending against it in the Twelfth Circuit, in and for Manatee County, Florida, Case No. 22-CA-002347 to the United States District Court for the Middle District of Florida, Tampa Division.

Dated this 8th day of July 2022.

/s/Elizabeth Dehaan
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically served via the Court's CM/ECF System and by way of USPS, postage prepaid, this 8th day of July 2022, on the following counsel of record identified below:

Christopher Borzell, Esq.
Morgan & Morgan Tampa, P.A
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel No.: (941) 271-6384
cborzell@forthepeople.com
ctbpleadings@forthepeople.com
tthorn@forthepeople.com
rhoward@forthepeople.com
*Counsel for Plaintiff*

/s/ Elizabeth Dehaan
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
*Attorneys for Defendant*